## ROBERT HOGG v. ALBERT A. GREEN.

ACTION ON REPLEVIN BOND; *Liability of Surety*. A. signed a replevin bond in an action brought before a justice of the peace by B. against C. At the time of signing the bond he received from B. certain personal property, to hold as indemnity. Judgment was rendered by the justice in favor of B. for a small portion of the property claimed. The ten days in which to perfect an appeal passed without the filing of an appeal bond. A. returned to B. the property held as indemnity, notified B.'s attorneys not to consent to an appeal, and ordered out an execution. The execution was levied on sufficient property to satisfy it. Subsequently a stipulation waiving the necessity of filing an appeal bond in ten days was signed by the attorneys of the respective parties, an appeal bond filed, and the case taken to the district court. There a trial was had and judgment rendered in favor of C. for costs. An execution thereon against B. was returned unsatisfied, and an action brought against A. on the replevin bond. *Held*, That the action would lie.

### Error from Jackson District Court.

A SUFFICIENT statement of the facts will be found in the opinion. *Green* had judgment for $157, at the April Term 1875 of the district court, and *Hogg* brings the case here.

*Dodge & Keller*, for plaintiff in error.

*Chas. Hayden*, and *W. S. Hoaglin*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are these: One Kenneth McLennan commenced an action of replevin before a justice of the peace against defendant in error, Albert A. Green. Robert Hogg, the plaintiff in error, went on the replevin bond. At the time of signing this bond McLennan gave to Hogg some personal property to hold as indemnity against loss by reason thereof. Judgment was rendered by the justice in favor of McLennan for one of several articles claimed, and costs. The ten days in which to perfect an appeal passed without the filing any bond, and Hogg returned to McLennan the property held as indemnity, notified McLennan's attorneys not to consent to any appeal thereafter, and ordered out an execution. The execution was issued, and levied on enough personal property to satisfy it. Subsequently a stipulation for appeal was signed by the attorneys of the respective parties, an appeal bond filed, and the case taken to the district court. There a trial was had, and judgment rendered in favor of Green for costs. An execution against McLennan was returned unsatisfied, and then this action was brought on the replevin bond to recover those costs. Is the plaintiff in error liable on the bond? We think he is. His bond was conditioned to pay all costs that might be awarded. Any arrangement for indemnity was personal to him and McLennan, and could not in the slightest degree affect his liability on the bond. Whether the same was known or not to Green, was entirely immaterial. One who signs a replevin bond assumes all the liability the law gives to such a bond, and can by no personal arrangement with the party for whom he signs limit or affect such liability. The bond is a protection to the adverse party, and he alone can release or relieve the surety. Nor has the surety, by virtue of signing the bond, any right to control the proceed-

ings in the action. His forbidding the attorneys to do this, and notifying them to do that, amounts to nothing. They are responsible to their clients, and look to them alone for directions. It would seem very much as though the surety in this case thought he had full control of the action, and could order out process, and stay proceedings, without regard to the wishes of the plaintiff. Neither is the surety discharged by a failure of the party to insist upon every legal right. Here the plaintiff waived the right to insist upon the filing of the appeal bond within ten days. It does not appear to have been a mere wanton act, for he had recovered judgment before the justice for only a small part of his claim. It is reasonable to suppose that he thought that he had a just claim to all he demanded, and that upon a further trial he could make it so appear, and therefore in all honesty and fairness waived the filing of the appeal bond within the ten days. He might have waived a bond altogether, and still the case have passed by appeal to the district court. The surety must abide the result of the action, and it was the same action in the justice's and district courts.

The judgment will be affirmed.

KINGMAN, C. J., concurring.